IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROL BOEHME, K.B., a minor by and through his guardian ad litem CAROL BOEHME,, <br><br> Plaintiff, <br> v. <br><br> WASHINGTON COUNTY SCHOOL DISTRICT, BETHANNE JACKMAN, JUDY TURNER, LYLE COX, AND DOES 1-30, <br><br> Defendant. | **REPORT & RECOMMENDATION** <br><br> Case No. 2:15-cv-515-CW-BCW <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Brooke C. Wells |

District Judge Clark Waddoups referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the Court is Defendants' Motion to Dismiss.[2]  Pursuant to DUCivR 7-1(f) of the United States District Court, District of Utah Rules of Practice and upon review of the briefing filed in relation to this motion, the Court finds oral argument is not necessary and would not be helpful in deciding the issues before the Court.  Therefore, the undersigned issues the following Report and Recommendation based upon the pleadings.  For the reasons set forth more fully below, the undersigned **RECOMMENDS** the District Court **GRANT IN PART** Defendants' Motion to Dismiss with the specifications described below.

## BACKGROUND

Plaintiff Carol Boehme brings this lawsuit on behalf of herself and her minor son, K.B. who has been diagnosed with Down Syndrome.  Ms. Boehme is proceeding *pro se* and originally filed this case in Utah State Court.  Defendants then removed to federal court.  Defendants are

---

[1] Docket no. 6.

[2] Docket no. 10.

the school district that governs Panorama Elementary School ("Panorama") in Washington County, Utah where K.B. was a student and Ms. Boehme was employed at the time of the events at issue. The other defendants include: Bethann Jackman a teacher at Panorama, Judy Turner, the principal of Panorama, and Lyle Cox, the Director of Human Resources and Personnel for the Washington County School District ("WCSD").

Plaintiff's Complaint contains causes of action against Defendants for alleged violations of her son's federal civil rights under 42 U.S.C. §1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. Plaintiff's Complaint contains many allegations that detail the abuse her son and other children allegedly suffered by Defendant Jackman. The following are examples of the allegations contained in Complaint which are taken as true at this stage of the litigation:

> Plaintiffs are informed and believe and thereon allege that K.B. and other special needs students were subjected to ongoing verbal and physical abuse in Jackman's classroom. K.B. was subjected to long periods of timeout and was unable to verbalize what was happening to him. K.B. heard the teacher verbally abuse students and refer to them by derogatory names.

> The unreasonable, excessive and unwarranted battery on K.B. caused him and will continue to cause him physical injury, pain and emotional distress. WCSD employees compounded the injury by failing to report it to K.B's parent.

According to Plaintiff's Complaint, "[o]n or about February 27, 2008, DCFS began an investigation into Ms. Jackman's special education class at Panorama Elementary." "On or about March 26, 2008, DCFS's investigation resulted in a finding of "emotional maltreatment."

During the period of the alleged abuse, Ms. Boehme was employed at Panorama as a special education teacher, a position she had held for over 20 years. Plaintiff alleges that she "reported incidents and situations in which her disabled son, K.B., was subjected to discrimination; not provided a free and appropriate education; not provided the least restrictive

environment.  She made reports of these deficiencies at various times to her supervisors

including [Defendants] Turner, Cox, WCSD, Utah State Board of Education, and the Disability

Law Center."  After these reports and the completion of the DCFS investigation, Plaintiff alleges

school officials retaliated against her and her employment was ultimately terminated.   Plaintiff

brings the following claims against defendants on her own behalf:  Retaliation under the

Rehabilitation Act; Violation of Free Speech under the First Amendment, 42 U.S.C. § 1983; and

Defamation.

## LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual

allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

light most favorable to the non-moving party.[3]  Plaintiff must provide "enough facts to state a

claim to relief that is plausible on its face."[4]  In essence, a plaintiff must offer sufficient factual

allegations to "raise a right to relief above the speculative level."[5]  However, the court "need not

accept conclusory allegations without supporting factual averments."[6] Thus, "[t]he court's

function on a Rule 12(b)(6) motion is not to weigh potential evidence that the party might

present at trial, but assess whether the plaintiff's complaint alone is legally sufficient to state a

claim for which relief may be granted."[7]  "Therefore, in assessing a motion to dismiss, a court

should disregard conclusory statements of law, even if they are couched as facts, and then

consider whether the remaining specific factual allegations, if presumed to be true, plausibly

---

[3] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[5] *Id*. at 555.

[6] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

provide a claim that the defendant is liable."[8]   "Thus, the mere metaphysical possibility that *some*

plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the

complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of

mustering factual support for *these* claims."[9]   The Court also notes that because Plaintiff is

proceeding *pro se* the Court must construe her pleadings liberally.[10]

## <u>ANALYSIS</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants argue that

Plaintiff's claims should be dismissed because a *pro se* parent may not bring claims on behalf of

a minor child, Plaintiff is not a disabled person under the Rehabilitation Act, Plaintiff was

speaking pursuant to her official duties, and Plaintiff's defamation claim fails because she did

not submit the requisite notice of claim and Defendants are immune from suit under the Utah

Governmental Immunity Act.   Importantly however, Defendants concede in their Reply Brief

that Plaintiff has properly pled a claim under the American with Disabilities Act but only against

Washington County School District.

### A.  Plaintiff Carol Boehme Claims on Behalf of her Minor Child

The 10th Circuit in accordance with other circuits has held "that under Fed. R. Civ. P. 17(c)

and 28 U.S.C. § 1654, a minor child cannot bring suit though a parent next friend if the parent is

not represented by an attorney."[11]   However, in *Adams v. Astrue*,[12] the 10th Circuit recognized

that this "general rule" is not ironclad and carved out an exception to the bar on pro se parent

---

[8] *Wilkerson v. Utah, Gateway*, No. 2:13-cv-666-DN-BCW, 2013 WL 6185040 at *2 (D. Utah  Nov. 26, 2013)(unpublished).

[9] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(italics in original).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)

[11] *Meeker v. Kercher*, 782 F.2d 153,154 (10th Cir. 1986).

[12] 659 F.3d 1297 (10th Cir. 2011).

representation of minor children in the Social Security disability appeal context.[13]  In *Adams*, the
Court reasoned "that prohibiting non-attorney parents from proceeding *pro se* in appeals from
administrative SSI decisions, on behalf of a minor child, would jeopardize seriously the child's
statutory right to judicial review under 42 U.S.C. § 405(g)."[14]  Further, the Court agreed with the
findings of the Fifth Circuit Court of Appeals which recognized the "alignment of interests
between the parent and his or her child in SSI cases, explaining that the child's qualification for
benefits impacts the parent's responsibility for expenses associated with the child's condition
and, as such, the parent has a personal stake in the SSI litigation."[15]

After *Adams*, the Court has failed to find any other 10th Circuit case that has recognized any
other exceptions to the general rule and the parties have not cited any authority to the contrary.
Rather, in her Response Memorandum, Plaintiff cites *Winkelman v. Parma City School District*[16]
to support her argument that "parties aggrieved could bring a civil action as a pro se parent on
behalf of a minor disabled child."[17]  However, upon review of *Winkelman*, the Court agrees with
Defendants that *Winkelman* did not hold that a pro se parent could bring a civil action on behalf
of a minor disabled child.  Instead, *Winkelman* held that parents enjoy rights under the IDEA and
are entitled to prosecute such claims on their own behalf.  In fact, the Court explicitly stated in
the opinion "[i]n light of our holding we need not reach petitioner's alternative argument, which
concerns whether IDEA entitles parents to litigate their child's claims *pro se*."[18]

---

[13] *Id*. at 1300.

[14] *Id*. at 1301.

[15] *Id*. at 1300 (citing *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

[16] 550 U.S. 516.

[17] Docket no. 12.

[18] *Winkelman*, at 535.

Here, Plaintiff's claims on behalf of her minor child are different from the claims brought in *Adams* and *Winkelman*.   Specifically with regard to *Adams*, the Court recognizes Social Security Disability Appeals are in and of themselves very different than other types of litigation and involve very specific analysis within the five-step framework established by the Social Security Administration.   In addition, the Court agrees with the Court's assessment in *Adams* that parents in Social Security benefit cases are in unique position because of the personal stake they may have in their children receiving monetary benefits.   Further, upon review of other cases that have examined *pro se* parent representation of minor children,[19] the Court does not find support for expanding 10th Circuit precedent to the present lawsuit.   However, make no mistake; the undersigned is very sympathetic to Ms. Boehme's plight on behalf of her disabled child.   In many instances, these children have no voices if it were not for their caregiver parents.   But to find that Ms. Boehme can bring this lawsuit on behalf of her minor, disabled child would stretch 10th Circuit case law beyond its limits.   While it is not the Court's role to act as Plaintiff's advocate, the Court strongly encourages Plaintiff to consult with legal counsel with regard to her minor son's alleged claims.   Accordingly, the undersigned recommends that the District Court dismiss Ms. Boehme's claims made on behalf o her minor child *without prejudice* so Ms. Boehme has an opportunity to consult with legal counsel.

---

[19] *See e.g. Osei-Afriyie by Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876 (3rd Cir. 1991)(holding father of minor children who contracted malaria while traveling outside of the country could not bring a claim *pro se* on behalf of his children against the medical facility who administered an experimental drug to the children a without his consent); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59 (2nd Cir. 1990)(holding *pro se* parent could not bring suit for racial discrimination against a youth orchestra for giving Plaintiff's daughter a seat in the first violin section that Plaintiff found as inappropriate). *But see Elustra v. Mineo*, 595 F.3d 699 (7th Cir. 2010)(holding that a motion filed by a *pro se* parent on behalf of minor children was properly before the court and in light of the procedural posture of that particular case "disregarding the motion filed by mother was not warranted, though representative parties were not normally permitted to conduct litigation pro se.")

**B.  Plaintiff Carol Boehme's Claims on Her Own Behalf**

In her Complaint, Plaintiff alleges that following causes of action against Defendants on her own behalf: (1) Retaliation under the Rehabilitation Act; (2) Violation of Free Speech Under the First Amendment pursuant to 42 U.S.C. § 1983; and (3) Defamation.  At the outset, the Court notes that in Defendants' Reply Memorandum, Defendants "withdraw arguments for purposes of this motion only, that Plaintiff Carol Boehme is not a protected person under the ADA. However, ADA claims may only be brought against the School District, not against the individuals. Defendants ask that the Court dismiss Plaintiff's ADA claims as to the individual defendants..."[20] Upon review of Plaintiff's Complaint, the Court cannot discern where Plaintiff has alleged a specific claim for relief on her own behalf under the ADA. Rather, it appears that Defendants' concession is based upon an argument Plaintiff made in her Response Memorandum which states "Plaintiff Carol Boehme advocated for K.B. as a parent and legal guardian and was retaliated against as a special education teacher at Panorama Elementary.  Section 504 of the ADA expressly prohibits retaliation against a parent or a teacher for advocating for a disabled child."[21] Based on the foregoing and for sake of clarity, the Court believes the best course of action is for Plaintiff to be given an opportunity to amend her Complaint to reflect Defendants' concession. Also, upon review of the case law cited by Defendants, the undersigned finds Defendants' argument that Plaintiff cannot bring her ADA claim against the individual defendants in this suit but rather only against the school district to be supported.[22]  Therefore, Plaintiff's amendment should be allowed to allege a specific ADA claim only against Washington School District.

---

[20] Docket no. 13.

[21] Docket no. 12.

[22] *See Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999).

### a. Rehabilitation Claim

Plaintiff asserts a claim for "Retaliation Under the Rehabilitation Act."  In response, Defendants argue that Plaintiff's claim fails under this Act because she cannot meet the requisite elements for such a claim.  "To make a prima facie case for wrongful termination under the Rehabilitation Act, a plaintiff must establish three elements: (1) he was a disabled person under the statute, (2) he was otherwise qualified for the job regardless of the disability, and (3) he was terminated from his employment because of the disability."[23]  The Court agrees with Defendants that Plaintiff's allegations do not meet any of these requirements.  Plaintiff has not alleged nor has evidence been presented that *she* is a disabled person under the Act.  Therefore, Plaintiff's claims under the Rehabilitation Act even construed liberally fail to state a claim for which relief should be granted. This cause of action should be dismissed *with prejudice* and the Court finds that any amendment to this claim would be futile.

### b. First Amendment

Next, as to Plaintiff's claims under the first amendment, there appears to be a contradiction in the Complaint and in Plaintiff's response as to exactly what types of speech Plaintiff seeks redress for.   Upon review of the Complaint, the Court agrees with Defendants that the speech in question was made pursuant to Ms. Boehme's official duties.  As such, official speech is generally not protected under the First Amendment.[24] For example, she alleges such things as:

> Carol Boehme in good faith reported incidents and situations in which she believed disable[d] students of WCSD were subjected to discrimination, not provided free and appropriate[] education including school activities [that] were

---

[23] *Cummings v. Norton*, 393 F.3d 1186, 1189 (10th Cir. 2005).

[24] *See* Defendants' Motion to Dismiss, docket no. 10, (citing *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202 (10th Cir. 2007)("The First Amendment does not apply to protect public employee speaking pursuant to her official duties.")

equal or equivalent to services provided to non-disabled students, inadequate teaching instruction...

Carol Boehme's recommendations and reports were based upon her professional and academic experience. Her recommendations were based on assessments, demonstrations, and understanding of the individual student, and WCSD would not provide the level of service recommended to meet the needs of students with disabilities.

Carol Boehme periodically participated in IEP meetings in person or in writing, in which she made recommendations or disclosed her beliefs as to student's needs or program deficiencies to other participants, including parents of disable students. Carol Boehme's statements and reports about the status of disabled students' programs and program deficiencies were protected under federal laws regarding disabled students' education, and Carol Boehme's right to free speech under the First Amendment to the U.S. Constitution.

However, in her response memorandum, Plaintiff seems to take the position that she was speaking not as a public employee but as a parent. According to her response, "[s]he was retaliated against because WCSD and certain employees tried to force her through threats to stop advocating for K.B.[.] If Carol was speaking as a public employee the whistleblower laws would protect her."

Based on this, the Court is not confident that Plaintiff doesn't have a plausible claim under the first amendment for advocating in her role as a parent. However, based upon the language contained in the Complaint, it seems unlikely she has articulated properly her claim under the first amendment. If the allegations remain in the Complaint as written now, the Court agrees with the Defendant's analysis that the allegations are not protected speech because they all stem from Plaintiff's official duties as a teacher. Further, the current allegations make little to no mention of her advocating on behalf of K.B. as a parent—yet Plaintiff may have actually been advocating as a parent based on the language in her response brief. Accordingly, due to the unclear nature, the liberal construction of Plaintiff's claims required due to her *pro se* status and in the interests of justice, the Court does not believe this to be an instance where amendment will

prove to be futile.  Therefore, the Court recommends that Plaintiff be given an opportunity to amend her complaint as to the 1st Amendment claim in order to clarify the type of speech she is seeking redress for.

### c.  Defamation

In her Complaint, Plaintiff alleges that in addition to the allegations contained elsewhere in her Complaint, Defendants "published false and defamatory statements to others that Carol Boehme was unprofessional, promoting adversarial relationships, and incompetent in the performance of her profession as a teacher."  Defendants argue that Plaintiff's claims are improper under Rule 12(b)(6) because she did not file a "Notice of Claim" as required under state law.  The Court agrees with Defendants arguments and finds pursuant to Utah Code Ann. § 63G-7-401-402, Plaintiff's Defamation Claim should be dismissed *with prejudice* for failing to follow the correct administrative procedures as required under Utah law.   Amendment to this cause of action would be futile and should not be allowed because Plaintiff has failed to follow the correct administrative procedures.

### <u>CONCLUSION & RECOMMENDATION</u>

For the foregoing reasons, the undersigned **HEREBY RECOMMENDS** the following:

(1) Defendants' Motion to Dismiss be **GRANTED IN PART**.

(2) The claims relating to minor child K.B. be dismissed *without prejudice* so Ms. Boehme has an opportunity to secure counsel on behalf of her child.

(3) Plaintiff's claims on her own behalf under the Rehabilitation Act, and for Defamation should be dismissed *with prejudice*.

(4) Plaintiff should be given leave to amend her 1st Amendment Claims for clarification purposes.

(5) In accordance with the Defendants' concession contained in their reply brief, any claim Plaintiff Carol Boehme's has asserted under the ADA ought to be preserved against Washington County School District but dismissed as to the individual defendants. However, as noted above, the Court cannot discern where in Plaintiff's Complaint she alleged an ADA claim on her own behalf. The only reference to such a claim an ADA appears to be in Plaintiff's Opposition Memorandum. Therefore, out of an abundance of caution, the Court recommends Plaintiff be allowed an opportunity to submit an amended complaint that clarifies Plaintiff's ADA claim made on her own behalf.

## **NOTICE**

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[25]  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 17 March 2016.

Brooke C. Wells
United States Magistrate Judge

---

[25] *See* 28 U.S.C. §636(b)(1).