IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROL BOEHME, an individual and as guardian[1] for K.B., a minor,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY SCHOOL DISTRICT, BETHANNE JACKMAN, JUDY TUNER, LYLE COX AND DOES 1-30<br><br>Defendants.[2] | **ORDER APPROVING AND ADOPTING REPORT & RECOMMENDATION**<br><br>Case No.  2:15-cv-515-CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

## MOTION TO DISMISS

The court referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Wells made a Report & Recommendation (Dkt. No. 19) that Defendants' Motion to Dismiss (Dkt. No. 10) be granted in part and denied in part. Plaintiff filed "Objections Response to Report & Recommendation," which the court has reviewed.  (Dkt. No. 22).  Because an objection has been filed, pursuant to § 636(b)(1), the court has reviewed *de novo* those portions of the report to which an objection has been filed.  The remainder of the

---

[1] The court corrects the caption to refer to Ms. Boehme as guardian of K.B. rather than as guardian ad litem.  A parent serves in the role of guardian.  A guardian ad litem is a court appointed position.  Because Ms. Boehme has not shown she has been appointed to that role, the court refers to her as "guardian for K.B."

[2] The defendants listed in this matter are Washington County School District, Bethanne Jackman, Judy Tuner, Lyle Cox, and Does 1-30 (collectively "Defendants").  Based on Defendants' Motion to Dismiss, the names of Bethanne Jackman and Judy Tuner may have been misspelled, with Beth Ann Jackman and Judy Turner being the appropriate spellings.  For purposes of this Order, the court uses the spelling provided in the Complaint's caption.

report has been reviewed for clear error.  The court has also reviewed Defendants' response to the Objection, the underlying supporting documentation, and the authorities cited by the parties.

The court finds that the Report & Recommendation is well reasoned and supported by the authorities cited.  As did Judge Wells, the court sympathizes with Plaintiff in her attempt to redress any harm done to her disabled child.  Nevertheless, the legal authorities cited by Judge Wells require a guardian proceeding on behalf of a minor to be represented by counsel.  The court is required to follow this law for K.B.'s claims.

With respect to Ms. Boehme's own claims, the court concludes Judge Wells also identified the relevant issues and appropriately stated the law.  The Objections filed by Plaintiff do not alter the court's analysis.  The Report & Recommendation is therefore **APPROVED** and **ADOPTED** in its entirety (Dkt. No. 19).  For the reasons stated in the Report, the court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (Dkt. No. 10) as follows:

1. The claims relating to minor child K.B. are **DISMISSED** *without prejudice*. Plaintiff is **GRANTED** leave to file an Amended Complaint to assert claims on behalf of K.B., but such claims may only be filed by an attorney representing Plaintiff as guardian for K.B.
2. Plaintiff's own claim under the Rehabilitation Act is **DISMISSED** *with prejudice*.
3. Plaintiff's own claim under the First Amendment, as it pertains to speech in the course of her employment on behalf of children other than K.B., is **DISMISSED** *with prejudice*.
4. Plaintiff's own claim for defamation is **DISMISSED** *with prejudice*.

5. Plaintiff is **GRANTED** leave to file an Amended Complaint. In accordance with the Report, Plaintiff may file a claim against Washington County School District under Section 504 of the American with Disabilities Act. Plaintiff may also file a claim under the First Amendment as it pertains to speech in her role as a parent to K.B. Plaintiff must determine which defendants to name in the First Amendment claim based on established law. Finally, to the extent Plaintiff has a state law claim other than defamation, she also is granted leave to assert that claim(s).

## APPOINTMENT OF PRO BONO COUNSEL

Based on the nature of the claims alleged and Plaintiff's representation of her financial inability to retain counsel, the court concludes it is in the best interests of justice to appoint *pro bono* counsel to represent Plaintiff in her individual capacity and as guardian for K.B. The court directs the Clerk of Court to seek counsel amenable to this appointment. Although both Judge Wells and this court have expressed concern over the alleged claims, such claims have yet to be proven and defenses to the claims may exist. When counsel is appointed, the court directs him or her to evaluate the sufficiency of the claims and the potential bars to such claims before an Amended Complaint is filed. Plaintiff's counsel shall have **sixty days** from the date of appointment to evaluate the case and file an Amended Complaint.

DATED this 19th day of May, 2016.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Court Judge